(No. 34996.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE H. MILARSKI, Plaintiff in Error.

*Opinion filed January 23, 1959.*

JULIUS L. SHERWIN and THEODORE R. SHERWIN, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Eugene Milarski hereinafter referred to as defendant was convicted by a jury in Cook County of the crime of assault to commit robbery and he seeks here to reverse the judgment on the verdict whereupon he was sentenced to the Illinois State Penitentiary for a minimum term of two years and a maximum term of four years.

There is no controversy as to the facts. The principal claim of defendant here is that there is no proof to sustain the charge that he made an assault on Franklin Elet with intent to commit robbery, in the manner and form as charged in the indictment. Elet testified as follows: About 9 o'clock on the evening of November 20, 1957, the defendant came into his tavern, and while he was at the far end of the bar watching television the defendant beckoned him to come forward to where he was standing. "He asked me the name of my bartender and I told him it was Wayne and the next I knew he had a gun pointed at me, told me to sit down, and don't make any moves. * * * Then he turned the gun on the bartender and requested him to place his hands on the bar, and 'don't push any

buttons.' There was a couple sitting at the bar and the woman was crying a little. He talked to the couple briefly, and then began talking to me and he was about to say something to the bartender when the rear door opened and two gentlemen walked in. The defendant seemed startled because he did not know of the rear entrance. Nothing was said by the defendant right away, then he pointed his gun at the couple and told them to have a drink on the house." After that six members of a bowling team began to come in, which was a regular Wednesday night occurrence. The defendant ordered each of these to sit at the bar and to keep their hands on the bar and he made them take a drink. "After this the defendant did not leave right away but walked up and down behind the bar and had his gun pointed to someone at all times and clicked the hammer on his gun back and forth. After about five or six minutes he left. I called the police."

The testimony of Wayne Spies, the bartender, was substantially the same as that of Elet. Defendant's counsel did not see fit to cross-examine either Elet or Spies and their testimony stands uncontradicted.

The one witness who appeared on behalf of defendant had a vague impression that Milarski showed signs of intoxication when he interviewed him later that evening. The State, however, produced witnesses to refute this theory. The defendant did order two beers while in the tavern but drank only a small portion of each.

The conduct of the defendant while in the tavern was indeed unusual and mysterious, and only upon his arrest 15 minutes later were his intentions fully disclosed. The arresting officers, Clarence Isaachsen and Joseph Cerami, testified that they pursued defendant in their squad car, and just before his arrest he dropped the gun to the ground. They found several rounds of ammunition on his person, eight unexpended cartridges in the gun, and then the offi-

cers asked him why he had not completed the holdup. He answered, "When I saw so many people come in I got scared."

We are of the opinion therefore that the jury very properly concluded that the defendant was in the tavern with the intention of committing robbery; and that the allegation that the defendant made an assault upon the prosecuting witness was conclusively established. The proof was meager and unconvincing that the defendant was so intoxicated that power of reason was affected. (*People* v. *Lion,* 10 Ill.2d 208, 214.) No instruction on this issue was tendered by the defendant. There is some criticism of instructions given on behalf of the State, but such seems to be captious and without merit.

Given a fair trial, substantially free of error, the defendant was found guilty as charged. We are not persuaded that the determination should be disturbed.

*Judgment affirmed.*